

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,917-01

### EX PARTE GEORGE WASHINGTON SHARPER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. WRIT10030 IN THE 196TH DISTRICT COURT FROM HUNT COUNTY

*Per curiam*.

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Sixth Court of Appeals affirmed his conviction. *Sharper v. State*, 485 S.W.3d 612 (Tex. App.— Texarkana 2016).

Applicant contends that he was denied the opportunity to petition this Court for discretionary review because his appellate counsel failed to timely notify Applicant that his conviction had been affirmed. Applicant's appellate counsel has submitted an affidavit in which she states that she did timely notify Applicant that his conviction had been affirmed and of the deadlines for filing a

petition for discretionary review. However, appellate counsel concedes that she did not send the notification via certified mail, and did not certify compliance with Rule 48.4 of the Texas Rules of Appellate Procedure.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit supplemented with copies of the mail room logs from the unit in which Applicant was housed from February 4, 2016 until March 21, 2016, showing whether Applicant received any incoming legal mail during the applicable time period for filing a petition for discretionary review. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant received timely notification from appellate counsel that his conviction had been affirmed. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  September 26, 2018
Do not publish